IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALFONZO HENDRIX                                                                              PLAINTIFF

        v.                             Civil No. 06-4090

DANNY P. ROGERS, Public Defender,
Hempstead County; W.M. RANDALL GRANT,
Prosecuting Attorney, Hope, Arkansas;
DUNLAN CULPEPPER, Circuit Judge,
Nevada County; JAMES HOUSTON
GUNTER, JR., Arkansas Supreme Court;
JOSEPH P. GRAHAM, Deputy Prosecuting
Attorney, Nevada County; CHRIS FINCHER,
Officer, Prescott, Arkansas; MORRIS ERVIN,
Assistant Chief, Prescott, Arkansas; and SAM
REEDER, Chief of Police, Prescott, Arkansas                                           DEFENDANTS

## **ORDER**

      This is a civil rights action filed by the plaintiff pursuant to 42 U.S.C. § 1983. The plaintiff proceeds pro se and *in forma pauperis.* The plaintiff is an inmate of the Arkansas Department of Correction, Delta Regional Unit.

      Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

      Upon review of the complaint in this case, the court finds the case should be dismissed. According to the allegations of the complaint, on March 7, 2004, Hendrix's home was illegally searched by Officers Chris Fincher and Scott Sundberg of the Prescott Police Department. During the search, Hendrix states he was questioned about a robbery. Hendrix alleges Morris

-1-

Ervin, the Assistant Chief of Police, Sam Reeder, the Chief of Police, and Judge Culpepper, all signed documents having to do with the illegal search.

Hendrix maintains the robbery victim, Carl Vaughn, was brought by the house and identified him. Hendrix maintains Vaughan falsely accused Hendrix of robbery and gave false testimony at the criminal trial.

Hendrix was represented at trial on November 16, 2004, by Danny P. Roger. Plaintiff maintains Rogers provided ineffective assistance of counsel in a number of ways including by refusing to object to the admission of evidence obtained during an illegal search. Hendrix indicates his criminal case was initially assigned to Judge Duncan Culpepper and then taken over by Judge Jim Gunter.

Hendrix maintains he was convicted of a crime he didn't commit. Hendrix maintains the case should have been dismissed because Judge Culpepper signed an invalid search warrant. Hendrix asks that his conviction be reversed and his record be expunged. He also asks for compensatory and punitive damages for his false imprisonment.

To the extent the complaint asserts a claim for damages, it is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Hendrix's conviction has not been reversed or otherwise held invalid. Hendrix may, of course, bring a federal habeas corpus action after exhausting his state law remedies.

AO72A
(Rev. 8/82)

Danny P. Rogers, a public defender is not subject to suit under § 1983. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is that a public defender failed to adequately represent a client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Next, W.M. Randall Grant and Joseph P. Graham, both prosecuting attorneys, are not subject to suit under § 1983. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorneys are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Judge Duncan Culpepper and Judge James Gunter, Jr., are also immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial

immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

For the reasons stated, this case is dismissed.

IT IS SO ORDERED this 28th day of November 2006.

/s/ Harry F. Barnes
HON. HARRY F. BARNES
UNITED STATES DISTRICT JUDGE